Eleanor A. DuBay, WSBA #45828
TOMASI SALYER MARTIN
121 SW Morrison St, Suite 1850
Portland, OR 97204
Telephone: (503) 894-9900
Email: edubay@tomasilegal.com

Attorneys for Defendant 21st Mortgage Corporation

Judge: Alston
Chapter: 7
Location: US Courthouse
Courtroom 7206
700 Stewart St.
Seattle, WA 9810
Hearing Date: September 3, 2020
Hearing Time: 11:00 AM
Response Date: August 27, 2020

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>Jack Carlton Cramer, Jr,<br><br>Debtor,<br><br>Jack Carlton Cramer, Jr,<br><br>Plaintiff,<br><br>v.<br><br>21st Mortgage Corporation,<br><br>Defendant. | Case No. 18-13383-CMA<br><br>Adv. Proc. No. 20-01046-CMA<br><br>DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO QUIET TITLE AND DETEMINE EXTENT AND VALIDITY OF LIENS PURSUANT TO FRCP 12(b)(6) |

**MOTION TO DISMISS**

COMES NOW Defendant, 21st Mortgage Corporation ("21st" or "Defendant"), and hereby moves to dismiss the Adversary Complaint to Quiet Title and to Determine Extent

Page 1 -   DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO QUIET TITLE PURSUANT TO FRCP 12(b)(6)
21ST-F74\00524001.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01046-CMA    Doc 11    Filed 07/30/20    Ent. 07/30/20 12:29:26    Pg. 1 of 11

and Validity of Liens [Doc 1] ("Complaint") filed by Plaintiff, Jack Carlton Cramer Jr. ("Plaintiff"), pursuant to Fed. R. Civ. P. ("FRCP") 12(b)(6). 21st moves to dismiss the Complaint with prejudice on the grounds that it fails to state a claim upon which relief can be granted. In support of this Motion, Defendant relies upon the following Memorandum of Points and Authorities, the Declaration of Whit Reed ("Reed Dec.") filed contemporaneously herewith, and the records and files herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    QUESTIONS PRESENTED**

1. Whether Plaintiff's Complaint must be dismissed pursuant to FRCP 12(b)(6) because it fails to state a claim upon which relief can be granted?

2. Whether Plaintiff is entitled to reasonable costs and attorney's fees pursuant to RCW 4.84.330?

**II.    INTRODUCTION**

Plaintiff's Complaint seeks "judgment quieting title on the Deed of Trust on the Plaintiff's Property as time-barred under RCW 7.28.300." Complaint at *4, ¶ (a). Plaintiff's Complaint further requests "judgment voiding the deed of trust against the Property" that has been assigned to 21st "pursuant to 11 U.S.C. § 506(d)." *Id.*, ¶ (b). As described below, 21st has fully released and reconveyed all beneficial interest under the Deed of Trust on the Property to Plaintiff. Therefore, this Court cannot grant Plaintiff the relief he seeks and Plaintiff's claims under the Complaint are moot. Accordingly, Plaintiff's Complaint should be dismissed with prejudice pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.

Further, 21st made no indication throughout this proceeding that it would attempt to foreclose on the Deed of Trust on the Property. In fact, 21st's conduct throughout Plaintiff's bankruptcy proceeding has indicated the opposite as described below. Moreover, Plaintiff never requested that 21st release and reconvey its beneficial interest in the Deed of Trust on the Property. Instead, Plaintiff filed this unnecessary adversary proceeding. 21st promptly agreed to

Page 2 -  DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO QUIET TITLE PURSUANT TO FRCP 12(b)(6)
21ST-F74\00524001.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01046-CMA    Doc 11    Filed 07/30/20    Ent. 07/30/20 12:29:26    Pg. 2 of 11

release its beneficial interest upon receipt of the Complaint and has done so prior to the filing of this Motion as detailed below. Plaintiff should not be awarded attorney's fees and costs pursuant to RCW 4.84.330 and this adversary proceeding should be dismissed with prejudice.

### III. FACTUAL BACKGROUND

On or about December 22, 2000, Plaintiff obtained a loan from Mortgage Market Inc. by executing and delivering an Adjustable Rate Note for the original sum of $272,000 (the "Note"). Reed Dec., Ex. 1. In order to secure the prompt and punctual repayment of the Note, Plaintiff granted a deed of trust ("Deed of Trust") encumbering real property located in King County[1] commonly known as 15605 63rd Ave NE, Kenmore, WA 98028 (the "Property") in favor of Mortgage Market Inc., as beneficiary, which Deed of Trust was recorded on December 28, 2000 as Recording No. 20001228001193, in King County. Reed Dec., Ex. 2. The Note and Deed of Trust are collectively referred to herein as the "Cramer Loan."

Subsequent to the execution of the Note and Deed of Trust, the Cramer Loan was transferred and assigned to Residential Funding Company, LLC ("RFC"). On May 14, 2012, RFC, and fifty other related companies, filed a petition in U.S. Bankruptcy Court for the Southern District of New York. The Bankruptcy Court liquidated certain assets, including the Cramer Loan, which was sold to Berkshire Hathaway, Inc. ("Berkshire"). Thereafter, Berkshire deposited the Cramer Loan into the Knoxville 2012 Trust, a Delaware statutory trust (the "Knoxville Trust"), and appointed Wilmington Savings Fund Society, FSB, dba Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as Trustee ("Christiana"). Christiana then elected 21st as the Master Servicer and Custodian for the Knoxville Trust, which included the Cramer Loan. To date, the Cramer Loan has remained in the Knoxville Trust with 21st appointed as the Master Servicer and Custodian.

---

[1] The Property is legally described as "Lot 1 in Block 3 of the Inglewoods No. 2, as per Plat recorded in Volume 54 of Plats, Pages 30 and 31, Records of King County Auditor."

Page 3 - DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO QUIET TITLE PURSUANT TO FRCP 12(b)(6)
21ST-F74\00524001.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01046-CMA    Doc 11    Filed 07/30/20    Ent. 07/30/20 12:29:26    Pg. 3 of 11

The Note and Deed of Trust were subsequently assigned to 21st, which Assignment of Deed of Trust was recorded in the King County Recorders Office under No. 20131011000414 on October 11, 2013. Reed Dec., Ex. 3. Apparently, Plaintiff stopped making payments on the Note sometime in 2001. Plaintiff has claimed that his personal obligation under the Note was discharged in a prior Chapter 7 bankruptcy proceeding, which claim is not addressed in this proceeding.

On September 1, 2015, 21st initiated an equitable action against Plaintiff in the Superior Court of King County for the common law claim of unjust enrichment and for recovery of compensatory damages for sums advanced by 21st through Plaintiff's escrow account under the Servicing Agreement for real property taxes and homeowners insurance premiums on the Property. The King County Superior Court entered a Judgment for Money Owed ("Judgment") on July 14, 2016 against Plaintiff and in favor of 21st for the principal amount of $21,904.58, which was recorded in the King County Records Officer under No. 20160802000179 on August 2, 2016, as set forth in Proof of Claim No. 4 filed in this proceeding. Reed Dec., Ex. 4. The Judgment against Plaintiff remains unsatisfied and the judgment lien remains attached to the Property, separate and apart from the Deed of Trust.

Plaintiff initiated this bankruptcy action by filing his Chapter 13 Voluntary Petition on August 29, 2018. Throughout this proceeding, and as Plaintiff is well aware, 21st has made no indication that it intends to enforce the Cramer Loan. First, in Plaintiff's initial Schedule, he listed the Property as an asset, but did not list the Cramer Loan as an obligation secured against the Property.[2] 21st did not file a proof of claim for the Cramer Loan in this bankruptcy proceeding and only filed Proof of Claim No. 4. for the Judgment. Further, Plaintiff has been notified through counsel that 21st would not be seeking to enforce the Cramer Loan during these proceedings. However, prior initiating this adversary proceeding, Plaintiff never made a direct request to 21st to release its beneficial interest in the Deed of Trust. Regardless, at

---

[2] Plaintiff did list the Judgment owed to 21st as a secured claim on his Schedule D.

Page 4 - DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO QUIET TITLE PURSUANT TO FRCP 12(b)(6)
21ST-F74\00524001.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01046-CMA    Doc 11    Filed 07/30/20    Ent. 07/30/20 12:29:26    Pg. 4 of 11

the Trustee's request, 21st agreed to the Stipulated Order Declaring Deed of Trust Unenforceable entered on April 10, 2020 in this bankruptcy proceeding, which ordered that 21st's beneficial interest in the Deed of Trust against the Property "is **unenforceable <u>due to the passage of time</u> and the deed of trust is <u>not an encumbrance</u> against the property**." Reed Dec., Ex. 5 at *2, ln. 2-3 (emphasis added). Reed Dec., Ex. 5.

Moreover, 21st has fully and irrevocably released its beneficial interest in the Deed of Trust and the Deed of Trust is no longer attached to the Property. 21st appointed Eleanor A. DuBay as Successor Trustee of its beneficial interest under the Deed of Trust and the Appointment of Successor Trustee was recorded in the King County Auditor's Office under File No. 20200720002874 on July 20, 2020. Reed Dec., Ex. 6. 21st executed a Request for Full Reconveyance of its beneficial interest in all obligations secured by the Deed of Trust against the Property to the Successor Trustee. Reed Dec., Ex. 7. Accordingly, on July 21, 2020, a Deed of Full Reconveyance was recorded in the King County Auditor's Office under File No. 20200721001324 granting Plaintiff a full reconveyance of 21st's beneficial interest in the Property under the Deed of Trust. Reed Dec., Ex. 8. Therefore, 21st no longer has a beneficial interest in the Property under the Deed of Trust as all such interest has been fully reconveyed to Plaintiff.

## IV. ARGUMENT

### A. Plaintiff's Complaint Must be Dismissed Pursuant to FRCP 12(b)(6) Because it Fails to State a Claim Upon Which Relief Can be Granted.

Plaintiff initiated this adversary proceeding to seek judgment "quieting title on the Deed of Trust on the Plaintiff's Property as time-barred under RCW 7.28.300" and "voiding the deed of trust against the Property…pursuant to 11 U.S.C. § 506(d)." Complaint at *4, ¶ (a)-(b). This action was unnecessary. 21st has released all beneficial interest in the Deed of Trust and such judgment cannot be granted.

Page 5 -   DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO QUIET TITLE PURSUANT TO FRCP 12(b)(6)
21ST-F74\00524001.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01046-CMA    Doc 11    Filed 07/30/20    Ent. 07/30/20 12:29:26    Pg. 5 of 11

Dismissal under FRCP 12(b)(6) is appropriate where the allegations in a complaint, however true, could not raise a claim of entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 127 S. Ct. 1955 (2007). The jurisdiction of federal courts is limited to adjudication of actual, live cases and controversies. *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.),* 677 F.3d 869, 880 (9th Cir. 2012) (citing U.S. Const. art. III, § 2, cl. 2); *see also Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25 (BAP 9th Cir. 2008). Federal courts lack jurisdiction to consider moot claims. *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447 (1992). A claim for relief becomes moot if it has "lost its character as a present, live controversy." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997). "A live case or controversy exists only if the parties have an interest in the outcome of the litigation." *Clear Channel Outdoor, Inc.,* 391 B.R. 25 at 33 (citing *Ellis v. Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Exp. & Station Employees*, 466 U.S. 435, 442, 104 S. Ct. 1883 (1984)). Therefore, a federal court cannot determine a claim for relief rendered moot because "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Carter v. Barber (In re Carter),* No. EC-14-1581-KuDTa, 2016 Bankr. LEXIS 1838, at *9 (B.A.P. 9th Cir. Apr. 22, 2016) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)).

Here, Plaintiff's Complaint should be dismissed pursuant to FRCP 12(b)(6) because there is no present, live controversy for judicial adjudication. Plaintiff's claims are moot as to 21st's interest in the Deed of Trust because 21st no longer has any interest in the Deed of Trust. As set forth above, 21st's conduct throughout this bankruptcy proceeding has in no way indicated that it intends to enforce the Cramer Loan by foreclosing the Property. 21st's lack of such intent is evident in its agreement to the Stipulated Order Declaring Deed of Trust Unenforceable ("Order") at the request of the Trustee. This Order, entered approximately two (2) months before initiation of this adversary proceeding, already substantively ordered the relief Plaintiff requests in the Complaint: 1) that the Deed of Trust is "unenforceable due to the passage

Page 6 - DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO QUIET TITLE PURSUANT TO FRCP 12(b)(6)
21ST-F74\00524001.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01046-CMA    Doc 11    Filed 07/30/20    Ent. 07/30/20 12:29:26    Pg. 6 of 11

of time," and 2) that the Deed of Trust is "not an encumbrance against the Property." Reed Dec., Ex. 5 at *2, ln. 2-3. Under this Order, 21st is already incapable of foreclosing on the Property under the Deed of Trust and the relief sought in Plaintiff's Complaint is redundant and needlessly requested.

The futility of this adversary proceeding is further apparent in Plaintiff's failure to directly make a request to 21st to release its beneficial interest in the Deed of Trust prior to filing this Complaint. Regardless, 21st promptly released and reconveyed its beneficial interest under the Deed of Trust to Plaintiff after receipt of the Complaint in a good faith attempt to efficiently resolve this matter without further unnecessary litigation or burden on this Court. Based on the foregoing, Plaintiff's requests for judgment quieting title on and voiding the Deed of Trust cannot be granted because 21st has fully released and reconveyed all beneficial interest in the Deed of Trust to Plaintiff. In short, Plaintiff's Complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted by this Court pursuant to FRCP 12(b)(6). Accordingly, this Court lacks subject matter jurisdiction over these claims and they should be dismissed because the relief Plaintiff seeks cannot be granted.

> 1. *Plaintiff's request for an order quieting title is moot and no such judgment may be rendered because 21st has no interest in the Deed of Trust.*

An action to quiet title is an equitable proceeding "to resolve competing claims of ownership." *Wash. Fed., Nat'l Ass'n v. Azure Chelan LLC*, 195 Wash. App. 644, 655, 382 P.3d 20, 26 (2016) (quoting *Kobza v. Tripp*, 105 Wn. App. 90, 95, 18 P.3d 621 (2001) (holding that the buyer at trustee's sale has standing to quiet title under RCW 7.28.300). Here, there are no such competing claims of ownership to the Property and, thus, no need to quiet title to the Deed of Trust because it has been fully reconveyed to Plaintiff. Regardless of the enforceability of the Deed of Trust, Plaintiff may no longer "maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate" pursuant to RCW 7.28.300 because 21st does not have a beneficial interest in the Deed of Trust to quiet title to. Therefore, Plaintiff cannot

Page 7 - DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO QUIET TITLE PURSUANT TO FRCP 12(b)(6)
21ST-F74\00524001.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01046-CMA    Doc 11    Filed 07/30/20    Ent. 07/30/20 12:29:26    Pg. 7 of 11

maintain this quiet title action and it should be dismissed for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6).

> *2. Plaintiff's request for a judgment voiding the Deed of Trust pursuant to 11 U.S.C. § 506(d) is moot and should be dismissed because there is no lien that could be voided.*

Plaintiff's second claim in the Complaint requests judgment voiding the Deed of Trust against the Property pursuant to 11 U.S.C. § 506(d). This claim is likewise moot and should be dismissed for failure to state a claim upon which relief can be granted by this Court. Complaint at *4, ¶ (b). 11 U.S.C. § 506 makes the following provision for determination of secured status of a creditor's claim against the plaintiff/debtor in a bankruptcy proceeding:

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim,[3] such lien is void, unless—
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506(d). 21st does not have an allowed secured claim for the Deed of Trust in Plaintiff's bankruptcy proceeding. 21st has not filed proof of claim for the Deed of Trust, and no other party allowed to file a proof of claim for the Deed of Trust under 11 U.S.C. § 501 has done so. Thus, the exception under 11 U.S.C. § 506(d)(1) is inapplicable. Therefore, the only remaining provision of this Section that may apply is 11 U.S.C. § 506(d)(2) because 21st did not file a proof of claim for the Deed of Trust as acknowledged herein. Regardless, Plaintiff's request for judgment voiding the Deed of Trust pursuant to is 11 U.S.C. § 506(d) is moot because 21st does not have a lien securing a claim under the Deed of Trust that could be voided

---

[3] If a proof of secured claim is filed by a creditor or other party permitted to do so under 11 U.S.C. § 501, such secured claim is deemed "allowed," unless a party in interest objects. 11 U.S.C. § 502(a). If there is an objection, the court determines the amount of the claim and allows the secured claim for that amount unless certain enumerated exceptions apply. 11 U.S.C. § 502(b).

Page 8 - DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO QUIET TITLE PURSUANT TO FRCP 12(b)(6)
21ST-F74\00524001.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01046-CMA    Doc 11    Filed 07/30/20    Ent. 07/30/20 12:29:26    Pg. 8 of 11

as set forth herein. Because Plaintiff's request is incapable of judicial adjudication, it must be dismissed pursuant to FRCP 12(b)(6).

B. **Attorneys Fees and Costs are Unavailable to Plaintiff under the Deed of Trust Pursuant to RCW 4.84.330.**

Plaintiff's request "[f]or attorney's fees and costs pursuant to RCW 4.84.330" is premature, unsupported by law, and should be dismissed. Complaint at *4, ¶ (c). RCW 4.84.330 provides that in any action on a contract where the contract "specifically provides that attorneys' fees and costs which are incurred to enforce the provisions of such contract…shall be awarded" to the prevailing party, whether or not that party was specified in the contract or not. RCW 4.84.330 (emphasis added). Further, the prevailing party, defined as the party in whose favor final judgment is rendered, "shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements." *Id.* RCW 4.84.330 is merely a fee-shifting statute providing that both parties to a contract which contains an attorney fee provision can each be awarded such fees regardless of the language of the contract.

Where RCW 4.84.330 applies, an award of attorney fees is mandatory. *Singleton v. Frost*, 108 Wn.2d 723, 727-30, 742 P.2d 1224 (1987). For RCW 4.84.330 to apply: (1) the action must be "on a contract or lease," (2) the contract must contain a unilateral attorney fee or cost provision, and (3) there must be a "prevailing party." *Wachovia SBA Lending v. Kraft*, 138 Wash. App. 854, 859, 158 P.3d 1271, 1274 (2007), *aff'd* 165 Wash. 2d 481, 200 P.3d 683 (2009). Here, RCW 4.84.330 is inapplicable to adjudication of this adversary proceeding because Plaintiff's Complaint is not based on enforcement of a provision of the Deed of Trust and Plaintiff is unable to prevail on his moot claims. In short, recovery under RCW 4.84.330 is unavailable to Plaintiff as a matter of law.

First, Plaintiff's Complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6) as forth above. Therefore,

Page 9 - DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO QUIET TITLE PURSUANT TO FRCP 12(b)(6)
21ST-F74\00524001.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01046-CMA    Doc 11    Filed 07/30/20    Ent. 07/30/20 12:29:26    Pg. 9 of 11

1 Plaintiff would be unable to recover attorney's fees and costs because 21st would be the party in whose favor final judgment is rendered.  Second, even if Plaintiff were able to obtain the relief requested in the Complaint, this adversary proceeding is not an action "on a contract" because Plaintiff is not seeking enforcement of any provision of the Deed of Trust. Instead, Plaintiff is seeking judgment quieting title under RCW 7.28.300.  Further, because there is no provision in the Deed of Trust requiring 21st to release its interest in the Deed of Trust pursuant to RCW 7.28.300, Plaintiff cannot be entitled to an award of attorney fees for "enforcing" such provision under RCW 4.84.330.

Accordingly, based on the forgoing, Plaintiff cannot be awarded attorney's fees pursuant to RCW 4.84.330.

**V.   CONCLUSION**

Based on the foregoing, it is clear that Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Consequently, 21st respectfully requests that the Court dismiss this proceeding with prejudice pursuant to FRCP 12(b)(1).

DATED: July 30, 2020.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
Eleanor A. DuBay, WSBA #45828
edubay@tomasilegal.com
Phone: (503) 894-9900
Attorneys for Defendant 21st Mortgage Corporation

Page 10 -   DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO QUIET TITLE PURSUANT TO FRCP 12(b)(6)
21ST-F74\00524001.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01046-CMA    Doc 11    Filed 07/30/20    Ent. 07/30/20 12:29:26    Pg. 10 of 11

# CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2020 I served a copy of the foregoing **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT TO QUIET TITLE PURSUANT TO FRCP 12(b)(6)** by electronic means using ECF to the parties listed below:

Christina L Henry on behalf of Plaintiff Jack Carlton Cramer, Jr
chenry@hdm-legal.com; HenryDeGraaffPS@jubileebk.net; mainline@hdm-legal.com

Rory C Livesey on behalf of Interested Party Courtesy NEF
rory@liveslaw.com, patti@liveslaw.com

DATED: July 30, 2020.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
Eleanor A. DuBay, WSBA #45828
edubay@tomasilegal.com
Phone: (503) 894-9900
Attorneys for Defendant 21st Mortgage Corporation

CERTIFICATE OF SERVICE
21ST-F74\00524001.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 20-01046-CMA    Doc 11    Filed 07/30/20    Ent. 07/30/20 12:29:26    Pg. 11 of 11